EDWARD R. SWANSON *et al. vs.* ARTHUR E. FIELDER, *T. T.*

JULY 15, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Flynn, C. J. This is a bill in equity to remove a cloud alleged to be upon complainants' title by virtue of respondent's failure to comply strictly with the provisions of general laws 1938, chapter 32, § 46. The cause was certified to this court, under G. L. 1938, chap. 545, § 5, for our determination of a question of law, which will be hereinafter quoted.

The following facts, substantially, are alleged in the bill. The complainants on May 11, 1938 were the owners in fee of certain real estate which was taxed in their names and was described in the bill of complaint. On that date, at a duly authorized, advertised and conducted tax sale, this realty was sold for unpaid taxes and was purchased by the respondent town. Accordingly a tax deed thereto, dated June 1, 1938, was delivered to said town and was duly recorded. No redemption of this realty, as authorized by chap. 32, § 17, was attempted or made by complainants within one year of the tax sale.

More than one year thereafter, the complainants offered to redeem this realty "by tendering to the Tax Collector and Town Treasurer, George M. Hull, the full amount of the taxes due and all charges and interest, in accordance with the statute".

The bill set forth chap. 32, § 46, as follows: "Any person, firm, association or corporation whose real estate has been sold to a town or city for the payment of taxes and has not complied with the provisions of § 17 of this chapter, shall be entitled to redeem said real estate within 30 days after notification in writing, addressed to the person to whom the property was last assessed at his last usual

place of abode, shall have been given by the tax collector that the town or city has had an offer approved by the town council of any town, or the city council and mayor of any city, for the purchase of said real estate, upon tendering to the tax collector an amount equal to the offer made and approved as aforesaid, but no town or city shall accept any offer for a sum less than the amount of the taxes and charges which were due at the time of said purchase by the city or town."

The town's tax collector did not notify the complainants, to whom the real estate was last assessed, "that the Town of East Providence had secured an offer to redeem in accordance with said statute, nor did the Town Council approve such offer". The complainants' offer was accepted and on August 4, 1939 a quitclaim deed of the town's right, title and interest in said real estate was executed and delivered to them by the town treasurer and was duly recorded by them. No offer to purchase this realty, other than complainant's offer to redeem it, had been made to the respondent town.

The sixth paragraph of the bill alleges: "That said failure to notify your complainants and the failure to have the Town Council approve the offer, has raised a question which constitutes a cloud on the title of your complainants in and to said real estate."

The answer on behalf of the town of East Providence admits the allegations of fact in the bill, with the exception of the sixth paragraph, and it denies that such facts result in a cloud on complainants' title for any reason under chap. 32, § 46.

Upon these facts the following question has been certified: "Was it necessary for the Tax Collector to notify in writing the parties to whom the real estate was last assessed under section 46, chapter 32 of the General Laws of Rhode Island 1938, that the Town of East Providence had secured an offer to redeem the real estate in accordance with said statute, and did the Town Council have to approve such

an offer under the facts as set forth in the Complainants' Bill of Complaint?"

The question thus certified is double and misleading, particularly in the second portion, unless it is restricted to the allegations of the bill and the admissions of the answer. If it is so restricted, the gist of it appears to be, substantially, whether the provisions of § 46 are specifically applicable where the town has received no offer from any person or firm to purchase the realty held by it and where the last assessed owner, failing to redeem it under § 17, has offered later to redeem it by paying all taxes, interest and charges due the town and has received a deed thereto from the town treasurer.

By its express terms § 46 appears to us to contemplate a case where the town desires to sell and convey, to a person or firm other than the last assessed owner, the realty acquired by the town at a tax sale. In such a case the legislature plainly intended to protect the last assessed taxpayer by requiring the town to give such taxpayer a further opportunity to redeem his realty by paying an amount equal to the other's offer to purchase it for not less than the taxes and charges due, which offer had been received and approved by the town council. This view is confirmed if we read, in conjunction with § 46, the provisions of § 47 relating to what happens if the last assessed taxpayer fails to meet the requirements for redemption as set forth in § 46. Moreover, a literal interpretation and application of § 46 to the case where there is no offer to purchase the property other than the owner's offer to redeem it, leads to unusual, if not unreasonable, results.

What provision the legislature intended where the last assessed owner makes an offer to redeem his realty by payment of a lawful amount before any offer to purchase it has been made to the town by a third person is not included in § 46, expressly or by reasonable inference; nor does it seem to be provided for in any other section of chap. 32 as it appeared at the time of this transaction.

Therefore, we are of the opinion that the case stated in the bill and admitted by the answer, as we understand them, does not properly come within the purview of the literal provisions of § 46; and no cloud would result from the mere failure of the tax collector to specifically conform to the provisions of that section in the particular circumstances of this case.

However, this is not to say that, in the absence of proper statutory provision, the town treasurer had the power to accept such an offer to redeem and to execute and deliver a valid deed of realty belonging to the town without approval, authorization or ratification by the town council. Without some such action by the town council, a cloud upon complainants' title might reasonably result, but it would not arise by virtue of the express provisions of § 46.

Therefore, our answer to the certified question, interpreted and restricted as above set forth, is in the negative.

The papers in the case with our decision certified thereon are ordered to be sent back to the superior court.

*Adolph Gorman*, for complainant.

*William C. H. Brand*, Town Solicitor, for respondent.